Dumas *vs.* Pepper.

---

COVINGTON DUMAS, plaintiff in error, *vs.* F. L. PEPPER, defendant in error.

1. In a bill filed to enjoin an action of ejectment and for specific performance, it is not error in the Court to award the opening and conclusion of such case, upon the trial of such bill, to the complainant's counsel.
2. When the proof shows that the defendant in the bill, who was the plaintiff in ejectment, acted as the agent of the complainant to purchase the land, and that he had gone into possession at the time of the purchase, under the bond for titles made to his agent and delivered to him, and the answer of the administrator filed denies the truth of the allegations as to their conclusion and legal effect, but admits substantially the charges, and the Court was not requested to definitely set out to the jury what facts of the answer were responsive to the bill, it was not error in the Court to charge the general rule of evidence upon this subject, as such facts raise a question of law as to what parts of the answer are or are not responsive; which the Court may not decide, except upon such a question being made.

Under the facts in this case, the verdict for specific performance is sus-

tained by the evidence, and we affirm the judgment with instruction to add interest thereto, since the maturity of the note, as the proof of tender did not stop interest.

Equity Practice. Specific Performance. Before Judge HARRELL. Early Superior Court. April Term, 1871.

For the facts of this case, see the opinion.

HOOD & KIDDOO, for plaintiff in error. Interest not stopped by this tender: 10th Georgia Reports, 127; 34th, 537. The Judge should tell the jury what part of answer is responsive to the bill: 10th Georgia Reports, 342; 14th, 429; Revised Code, section 3051.

R. SIMS; CLARK & SPENCER, for defendant. As to acts of agent inuring to principal's benefit, etc.: Revised Code, sections 2313, 2151, 2306, 2162, 2279, 2283, 2290, 2281, 2164; 30th Georgia Reports, 954; 1 Am. Ch. Dig., 34, sec. 72; 1st John. Ch. R., 394. Parol good: Revised Code, section 1940; 30th Georgia Reports, 96. Specific performance: Revised Code, section 3131. As to rescinding: Revised Code, section 2209; 17th John. Reports, 257. As to new trials: 16th Georgia Reports, 600; 58th, 199; 15th, 39; 30th, 958; 16th, 368; 11th, 459; 13th, 320; 14th, 27; 41st, 386; 10th, 389.

LOCHRANE, Chief Justice.

It appears from the record in this case, that the intestate of plaintiff in error, Franklin White, sued the defendant in an action of ejectment, for the recovery of lot of land, number three hundred and twenty-two, in the Sixth District of Early county. Pending the action he died, and one Dyson became his administrator, and upon his death, Richard Johnson became his successor. A bill was filed by Pepper, for specific performance, etc., in which he alleges that the legal title to the premises in dispute were in Johnson, but avers that

White had purchased the land for him, Pepper, and had taken the title in his, White's, name, under an agreement with him, by which he furnished him with a horse and some money, and sent him to purchase said land, agreeing to pay him for his services, and also placed a negro at work in his stead during his absence; that in pursuance of such agreement White purchased the land, taking bond for titles thereto in his own name, and giving his note for the balance due; which bond was turned over to Pepper, and he went into occupancy and possession of the lot of land, under such bond. It appears that White subsequently took the title to said land to himself, paying the purchase-money therefor, and upon which he instituted this action of ejectment. The bill prays an injunction of the ejectment suit, and asks for a specific performance of the contract.

To this bill Richard Johnson made answer as administrator of the estate of White, denying the agency set up in the bill, and denying that his intestate had any money belonging to complainant in his hands; says White did not deliver the bond to complainant, but the complainant asked to look at it, and when handed to him he put it in his pocket and rode off, and afterwards refused to redeliver it, etc. Upon the trial of this bill in the Court below, the complainant read his bill and answer, and the interrogatories of William R. Cozart, who testified that he heard White say that he purchased the land for Pepper, that he saw Pepper give him the money to bear his expenses and lend him his horse to ride, and also sent a negro to work for White during the time he was gone to purchase this land; that he had heard White say he was Pepper's agent in buying the land, and paid his expenses or some money to pay for the land; heard him say he had bought the land for Pepper and what he was to pay for it, he thinks about $300 00; and we may here remark that the purchase-money of the land was $312 50, $12 50 being paid at the time, and note given for $300 00. This witness also testified that he saw Pepper offer White $300 00 in gold,

which he counted, in payment for said land, which he refused, and complainant closed his case.

Respondent offered in evidence a grant from the State to the lot of land, to James Daniel, and a deed from Daniel to White for the same, dated 6th of April, 1855. Two witnesses were sworn: R. O. Dunlap and John Timmons. Dunlap testifies, there was about two hundred and forty-five acres of the land cleared, he went into possession in January, 1857, and Timmons swears that Pepper was in possession five or six years before Dunlap went upon the land. The jury found as follows: That upon the payment of $375 00 to the defendant, he should execute a proper deed of conveyance to him for said land, and that the costs should be equally divided, upon which the defendant in the bill moved for a new trial upon several grounds, which the Court overruled, and which form the exceptions in this writ of error sued out before the Court.

1. The first ground which is alleged as error, is the judgment of the Court in awarding the opening and conclusion to the complainant in the bill. We think there was no error in the judgment of the Court upon the trial of the case in equity in giving this direction. Where a case is progressing at law, and the defendant at law becomes the complainant in a bill in equity, upon the trial of such bill to enjoin the suit at law he becomes the actor, and the case progresses in the trial, by the same rules as are applicable to, or govern in cases of original complaint instituted upon the equity side of the Court.

2. We do not deem it necessary to dispose of the various grounds of error presented by the record, as it is unimportant in the view we entertain, and the judgment we have arrived at in the disposition of this case. This was a bill filed for specific performance, and we are satisfied from the proof, that White was the agent of Pepper, and employed by him to purchase the lot of land in question. The allegations of the bill are sustained in this particular by the evidence of

Dumas *vs.* Pepper.

Cozart, and the answer of the respondent was insufficient under the proof to have invoked a different verdict. The answer of the administrator admits substantially the charging parts of the bill, but sets up in avoidance of their legal effect the facts connected with White's taking the title in his own name, and stand in this case upon the statement of the administrator unsupported by other evidence. Conceding that it is the duty of the Court, upon the request of parties, to state to the jury what is responsive to the bill, so that the jury may understand what is or is not legal evidence for their consideration, and under section 3041 of the Code, that what is or is not responsive is a question of law for the Court to determine and to adjudge how far matters set up is an explanation of an admission made, or facts necessarily connected with it, or may be regarded new matter set up as evidence, requiring *aliunde* proof. It does not appear from this record that these points were so distinctly made as to have invoked from the presiding Judge such definitive judgment thereon as presents his failure to charge the jury, in this particular, as error. His charge as to the rule of evidence arising from so much of the answer as was responsive to the allegations of the bill was only a mere statement of the rule of law upon that subject, and the evidence of the possession of the land, coupled with the testimony of Cozart, did in effect legally overcome the denial of the answer, giving it the broadest and most comprehensive consideration in favor of the defendants.

3. And we think the verdict of the jury is sustained by the evidence in this particular. But upon examination of the record, we are satisfied that, while there should be a decree for specific performance, the amount found ought to have borne interest from the date of the maturity of the note given for the purchase-money, as the evidence in relation to tender was not sufficient to stop interest under the facts in this case. And we therefore affirm the judgment of the Court below, with directions to add interest to the verdict upon the amount

found by the jury, from the date of the maturity of the note.

Judgment affirmed.